Taylor *v.* Miller.

JOHN A. TAYLOR AND WIFE *v.* PITSER MILLER.

SCIRE FACIAS. *Husband and wife. Husband to revive judgment against wife dum sola.* Upon *scire facias* against the husband to revive and have execution against him on a judgment against the wife *dum sola*, and demurrer sustained to defense made, a judgment of revivor, and that execution issue against husband and wife for the amount, and as of the date of the original judgment is not so erroneous in substance as to justify a reversal in writ of error by husband and wife.

FROM SHELBY.

Writ of error from the Circuit Court of Shelby county.    C. W. HEISKELL, J.

SMITH & COLLIER for Taylor.

KORTRECHT, CRAFT & SCALES for Miller.

COOPER, J., delivered the opinion of the court.

On the 8th of March, 1871, Pitser Miller recovered a judgment in the Circuit Court of Shelby county against Mrs. L. J. Bradley, then a widow, for $1,386.05

and costs.    On  the  13th  of  June,  1874,  he  suggested
and  proved  the  intermarriage  of  John  A.  Taylor  and
L.  J.  Bradley,  and  obtained  an  order  that  *scire  facias*
issue  to  John  A.  Taylor  to  appear  and  show  cause
why  the  judgment  should  not  be  revived  and  execu-
tion  issue  against  him.

The  *scire  facias*  issued,  and  was  duly  executed,  re-
quiring  Taylor· to  appear  in  the  court  commencing  on
the  third  Monday  of  September,  1874.

On  the  6th  of  October  of  that  term,  the  defend-
ant  having  made  no  defense,  a  judgment  final  by  de-
fault  was  taken  reviving  the  judgment  and  ordering
execution  to  issue  against  Taylor  as  of  the  date  and
for  the  amount  of  the  original  judgment.     During  the
same  term,  upon  motion  of  Taylor,  and  cause  shown,
the  judgment  was  set  aside,  and  he  was  allowed  to
plead  to  the  *scire  facias.*   ·He  put  in  a  plea  that  pre-
vious  to  his  intermarriage  with  his  wife  they  had  en-
tered  into  a  marriage  contract,  by  which  it  was  agreed
that  neither  should  be  in  anywise  bound  for  the  debts
of  the  other,  contracted  before  marriage,  and  that  the
property  of  each  should  be  used  for  the  payment  of
the  debts  of  each  as  though  no  marriage  had  been
entered  into.     This  plea  was  demurred  to,  and  the
demurrer  sustained.

No  other  defense  being  made,  another  judgment
was,  on  the  11th  day  of  May,  1875,  taken  reviving
the  judgment  against  Taylor  and  wife.     The  case  has
since  been  brought  up  by  writ  of  error  sued out  by
the  husband  and  wife.

The  original  judgment  being  against  the  wife  *dum*

Taylor *v.* Miller.

*sola,* the only object of the *scire facias* was to have execution against the husband. The proper judgment, upon a *scire facias,* in such case would seem to be, as in *scire facias* against bail, that the plaintiff have execution on the original judgment. *Peyton* v. *Stuart,* Peck, 156. And inasmuch as the judgment is already against the wife, the objection is highly technical that the *scire facias* should have been against both the husband and wife. Be this as it may, no such objection was made to the *scire facias* in the court below. The defendant put in the only defense on which he chose to rely, and the demurrer being special, as required by statute, its causes went only to the plea, and would not reach any defect in the *scire facias* as would have been the rule previous to the statute. *Hobbs* v. *M. & C. R.R. Co.,* 12 Heis., 526. The judgment taken was, in substance, that the plaintiff have execution on the original judgment against husband and wife.

There is no such error on the merits as will justify a reversal, and the judgment will be affirmed.